# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57568-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| TREYSHAWN DONOVAN HILTON, | |
| Appellant. | |

CHE, J.—A jury convicted Treyshawn Donovan Hilton of custodial assault. Hilton appeals the imposition of community custody supervision fees. He argues, and the State concedes, that recent statutory amendments removed sentencing courts' authorization to impose community custody supervision fees. We accept the State's concession and remand for the trial court to strike the community custody supervision fees from Hilton's judgment and sentence.

The State charged Treyshawn Donovan Hilton with one count of custodial assault and a jury found him guilty. On June 17, 2022, the trial court imposed a low-end standard range sentence of three months. The trial court found Hilton indigent and stated that it would impose only mandatory legal financial obligations. However, the judgment and sentence contained boilerplate language ordering Hilton to "pay supervision fees as determined by DOC." Clerk's Papers at 36. Hilton filed a notice of appeal to this court that same day.

RCW 9.94A.703 contains mandatory, waivable, discretionary, and other special community custody conditions trial courts could impose on criminal defendants. Shortly before Hilton's sentencing, the statute stated that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the department." *Former* RCW 9.94A.704(2)(d) (2021). The legislature removed that provision from the statute, effective June 9, 2022. LAWS OF 2022, ch. 29 § 7. By the date of Hilton's sentencing, trial courts no longer had authority to impose supervision fees as part of a term of community custody.

Thus, we must remand for the trial court to strike the community custody supervision fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Glasgow, C.J.